IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MELVIN J. CENTER, | ) | CASE NO.: 8:03CV067 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| U.S. BANK, | ) | |
| | ) | |
| Defendant. | ) | |

On June 29, 2005, defendant U.S. Bank filed a Motion to Enforce Settlement Agreement and Request for Oral Argument and Evidentiary Hearing Pursuant to NELR 7.1(d) with an affidavit and other exhibits (Filing No. 69). On July 14, 2005, the court heard oral argument on the motion and provisionally admitted U.S. Bank's evidence in support of its motion to enforce the settlement agreement. The court noted on the record that the plaintiff's counsel had not filed a response to the motion, and the court granted the plaintiff's counsel additional time until July 22, 2005, to file a response, along with objections, if any, to the defendant's evidence. The court also advised counsel that if no response was filed by the extended deadline, the court would summarily grant the defendant's motion. The court extended the plaintiff's response time to July 25, 2005 (Filing No. 73), and the plaintiff now has filed a response and affidavit in opposition (Filing No. 74), without objecting to any of the defendant's exhibits. The defendant's affidavit and other exhibits are received, without objection, and the plaintiff's affidavit is received in evidence.

In its motion to enforce the settlement agreement, U.S. Bank asks the court to (1) enforce the terms of the settlement agreement, (2) compel the plaintiff to execute a release of claims, and (3) dismiss the plaintiff's action with prejudice. In response, the plaintiff argues the settlement agreement should be limited to those allegations set forth in the complaint, because the plaintiff is "not willing to dismiss any potential claims which he could have had against U.S. Bank."

In his complaint, the plaintiff, an African-American male, alleged U.S. Bank discriminated against him, in violation of the Equal Credit Opportunity Act, by failing to provide the plaintiff with reasons for denying his January 27, 2002 application for credit.

On April 18, 2005, counsel for U.S. Bank sent a letter to the plaintiff's counsel "regarding the resolution of Mr. Center's lawsuit against U.S. Bank." The letter stated U.S. Bank's counsel had "been authorized to settle all claims in the amount of $5,000.00." By letter dated April 19, 2005, the plaintiff's counsel accepted U.S. Bank's settlement offer: "This writing is to confirm our agreement to settle the above case, pursuant to the terms set forth in your letter dated April 18, 2005. . . . I trust that each party will absorb their respective costs."

The court concludes (1) the parties did reach an agreement on the material terms for a settlement, and (2) principles of *res judicata* shall bar the plaintiff from asserting future claims related to or arising out of the plaintiff's claim in this lawsuit, i.e., any claims related to the plaintiff's January 27, 2002 application to U.S. Bank for credit. See Missouri Coalition for the Env't v. Corps of Engineers, 866 F.2d 1025, 1031 (8th Cir. 1989) (holding where the parties entered into a consent decree dismissing all claims relating to a permit issued by the Army Corps of Engineers, a party thereto was barred by *res judicata* from asserting claims related to issuance of such permit, citing with approval Brooks v. Barbour Energy Corp., 804 F.2d 1144 (10th Cir. 1986), which held a settlement agreement approved by the court with prejudice is *res judicata* to a later lawsuit based on the same occurrence).

IT IS HEREBY ORDERED the defendant's Motion to Enforce Settlement Agreement (Filing No. 69) is granted in part. The parties have settled any and all claims related to or arising out of the plaintiff's January 27, 2002 application to the defendant for credit by a payment in the amount of $5000 from the defendant to the plaintiff. Upon the defendant's payment of $5000 to the plaintiff, with notice to the court, the case will be dismissed, with prejudice, each party to pay their own costs.

Dated this 26th day of July, 2005.

BY THE COURT:

/s/ William Jay Riley
United States Circuit Judge
(Sitting by Designation)